**IN THE UNITED STATED DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| **TRUIST BANK, SUCCESSOR BY MERGER TO SUNTRUST BANK,** | § § § | |
| **Plaintiff,** | § § | |
| | § | **Civil Action No. 2:24-cv-58** |
| **v.** | § § | |
| **CHRSTENE WHITE, KAREN WHITE, JAY BOYD WHITE, JR., JESSALYN WHITE, DYLAN WHITE, and NATHAN WHITE,** | § § § § § | |
| **Defendants.** | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Truist Bank, successor by merger to SunTrust Bank ("Truist" or Plaintiff"), and files this *Original Complaint* against Christene White, Karen White, Jay Boyd White, Jr., Jessalyn White, Dylan White, and Nathan White ("Defendant") and shows:

**I.      PARTIES**

1.      Truist is a "mortgagee" as is defined in Texas Property Code § 51.001(4) and is appearing through the undersigned counsel.

2.      Decedent Jesse B. White ("Decedent") was a borrower under a loan agreement. Decedent died on or about January 9, 2024. Upon information and belief, no probate is open for Decedent's estate in Randall County, Texas, the county where the subject Property is located or in the county in which he died. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate.

3.      Pursuant to Texas Estates Code §§ 101.001, 202.051, and 202.001, the heirs at law of the Decedent ("Heirs"), whether known or unknown, acquired all of the Decedent's estate,

including an undivided interest in the subject real property, immediately upon Decedent's death. Decedent's Heirs are each made parties in this proceeding.

4.      Defendant Christene White is an heir and wife of the Decedent. Christene White may be served with process at 6726 Hatton Road, Amarillo, Texas 79110, or at any other place which she may be found. Summons is requested.

5.      Defendant Karen White is an heir and daughter of the Decedent. Karen White may be served with process at 5219 91st, Lubbock, Texas 79424, or at any other place which she may be found. Summons is requested.

6.      Defendant Jay Boyd White, Jr. is an heir and grandson of the Decedent. Jay Boyd White, Jr. may be served with process at 125 W Ormsby Avenue, Apt. 2R, Louisville, Kentucky 40203, or at any other place which he may be found. Summons is requested.

7.      Defendant Jessalyn White is an heir and granddaughter of the Decedent. Jessalyn White may be served with process at 190 Crescent Avenue, Louisville, Kentucky 40206, or at any other place which she may be found. Summons is requested.

8.      Defendant Dylan White is an heir and grandson of the Decedent. Dylan White may be served with process at ASP Red Rock Correctional Facility (Inmate #335556), 1750 East Arica Road, Eloy, AZ 85131, or at any other place which he may be found. Summons is requested.

9.      Defendant Nathan White is an heir and grandson of the Decedent. Nathan White may be served with process at 3122 SE 114th Avenue, Amarillo, Texas 79118, or at any other place which he may be found. Summons is requested.

## II.      PROPERTY

10.      This proceeding concerns the real property and improvements commonly known as 6726 Hatton Road, Amarillo, Texas 79110 (the "Property") and more particularly described as follows:

THE LAND REFERRED TO IN THIS POLICY IS DESCRIBED AS FOLLOWS: ALL OF LOT 12-A, BLOCK 5, SOUTH SIDE ESTATES UNIT NO. 11, AN ADDITION TO THE CITY OF AMARILLO, RANDALL COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 850, PAGE 477 OF THE DEED RECORDS OF RANDALL COUNTY, TEXAS, PLUS TRACT 1, SAVE AND EXCEPT TRACT 2 (SAID TRACTS 1 AND 2 BEING DESCRIBED IN THAT CERTAIN INSTRUMENT RECORDED UNDER CLERK`S FILE NO. 04 3973 AND INCORPORATED IN THIS DESCRIPTION BELOW)

TRACT 1 PLUS A 2464 SQUARE FOOT TRACT OF LAND OUT OF LOT 10, BLOCK 5 SOUTHSIDE ESTATES, AN ADDITION TO THE CITY OF AMARILLO, RANDALL COUNTY TEXAS ACCORDING TO THE MAP OR PLAT THEREOF OF RECORD IN VOLUME 65, PAGE 38 OF THE DEED RECORDS OF RANDALL COUNTY, TEXAS, SAID 2464 SQUARE FOOT TRACT OF LAND HAVING BEEN SURVEYED ON THE GROUND BY FURMAN LAND SURVEYORS INC. ON DECEMBER 2ND, 2003 AND DESCRIBED BY METES AND BOUNDS AS FOLLOWS: BEGINNING AT A 1/2 INCH IRON ROD WITH CAP STAMPED "FURMAN RPS 1959" FOUND FOR THE MOST SOUTHEASTERLY CORNER OF SAID LOT 10, SAME BEING A COMMON CORNER WITH LOT 12-A, BLOCK 5 SOUTHSIDE ESTATES UNIT NO. 11, AN ADDITION TO THE CITY OF AMARILLO, RANDALL COUNTY TEXAS ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 850, PAGE 477 OF SAID DEED RECORDS; THENCE NORTH 54 DEGREES 43 MINUTES 50 SECONDS WEST (BASE LINE) 88.00 FEET ALONG THE COMMON LINE OF SAID LOT 10 AND LOT 12-A TO A 1/2 INCH IRON ROD WITH CAP STAMPED "FURMAN RPLS 5374" SET, FROM WHENCE A 1/2 INCH IRON ROD FOUND BEARS NORTH 54 DEGREES 43 MINUTES 50 SECONDS WEST 137.00 FEET; THENCE NORTH 35 DEGREES 04 MINUTES 26 SECONDS EAST 28.00 FEET TO A 1/2 INCH IRON ROD WITH CAP STAMPED "FURMAN RPLS 5374" SET; THENCE SOUTH 54 DEGREES 43 MINUTES 50 SECONDS EAST 88.00 FEET TO A 1/2 INCH IRON ROD WITH CAP STAMPED "FURMAN RPLS 5374" SET, SAME POINT BEING IN THE NORTHWESTERLY RIGHT-OF-WAY LINE OF HATTON ROAD, AS IT EXISTS ON THE GROUND. THENCE SOUTH 3 DEGREES5 03 MINUTES 58 SECONDS WEST 28.00 FEET ALONG SAID RIGHT-OF-WAY LINE TO THE POINT OF BEGINNING AND CONTAINING 2464 SQUARE FEET OF LAND MORE OR LESS.

TRACT 2 SAVE AND EXCEPT A 2466 SQUARE FOOT TRACT OF LAND OUT OF LOT 12-A, BLOCK 5 SOUTHSIDE ESTATES UNIT NO. 11, AN ADDITION TO THE CITY OF AMARILLO, RANDALL COUNTY TEXAS ACCORDING TO THE MAP OR PLAT THEREOF OF RECORD IN VOLUME 850, PAGE 477 OF THE DEED RECORDS OF RANDALL COUNTY, TEXAS, SAID 2466 SQUARE FOOT TRACT OF LAND HAVING BEEN SURVEYED ON THE GROUND BY FURMAN LAND SURVEYORS INC. ON DECEMBER 2ND, 2003 AND DESCRIBED BY METES AND BOUNDS AS FOLLOWS: COMMENCING AT A 1/2 INCH IRON ROD WITH CAP STAMPED "FURMAN RPS 1959" FOUND FOR THE COMMON CORNER OF SAID LOT 12-A AND LOT 10, BLOCK 5 SOUTHSIDE ESTATES AN ADDITION TO THE CITY OF AMARILLO, RANDALL COUNTY TEXAS ACCORDING TO THE MAP OR PLAT THEREOF OF RECORD IN VOLUME 65, PAGE 38 OF SAID DEED

RECORDS; THENCE NORTH 54 DEGREES 43 MINUTES 50 SECONDS WEST (BASE LINE) 88.00 FEET ALONG THE COMMON LINE OF SAID LOT 10 AND LOT 12-A TO A 1/2 INCH IRON ROD WITH CAP STAMPED "FURMAN RPLS 5374" SET, FOR THE BEGINNING CORNER OF THIS TRACT OF LAND; THENCE SOUTH 35 DEGREES 04 MINUTES 26 SECONDS WEST 18.00 FEET TO A 1/2 INCH IRON ROD WITH CAP STAMPED "FURMAN RPLS 5374" SET; THENCE NORTH 54 DEGREES 43 MINUTES 50 SECONDS WEST 137.00 FEET TO A 1/2 INCH IRON ROD WITH CAP STAMPED "FURMAN RPLS 5374" SET; THENCE NORTH 35 05 MINUTES 09 SECONDS EAST 18.00 FEET TO A 1/2 INCH IRON ROD FOUND; THENCE SOUTH 54 DEGREES 43 MINUTES 50 SECONDS EAST (BASE LINE) 137.00 FEET TO THE POINT OF BEINNING AND CONTAINING 2466 SQUARE FEET OF LAND MORE OR LESS.

### III.    DIVERSITY JURISDICTION AND VENUE

11.    This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

12.    Plaintiff, Truist, is a national banking association which is chartered and has its main office in North Carolina. In *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located.  *Wachovia Bank, N.A.* 546 U.S. at 307; see 28 U.S.C. § 1348 (2006).  Therefore, Plaintiff is a citizen of North Carolina for diversity purposes.

13.    Defendants Christene White, Karen White and Nathan White are individuals and citizens of the State of Texas.

14.    Defendants Jay Boyd White, Jr. and Jessalyn White are individuals and citizens of the State of Kentucky.

15.    Defendant Dylan White is an individual and citizen of the State of Texas.

16.    In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised

value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC,* 737 F.3d 338, 341 (5th Cir. 2013).

17.    When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg.*, *LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

18.    Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Randall County Central Appraisal District values the Property at $250,599.00.

19.    Venue is proper in the Northern District of Texas, Amarillo Division, under 28 U.S.C. § 1391(a)(2) because this suit concerns title to real property located in Randall County, Texas.

### IV. FACTS

*20.*    On or about February 23, 2009, for value received, Decedent Jesse B. White executed that certain *Texas Home Equity Note (Fixed Rate – First Lien)* ("Note") in the original principal sum of $140,000.00 bearing interest at the rate of 5.625% per annum, originally payable to Happy State Bank as lender on a loan secured by the Property. A true and correct copy of the

Note is attached hereto as **Exhibit A.**

21.     Concurrently with the execution of the Note, Decedent Jesse B. White and Defendant Christene White ("Borrowers") executed a *Texas Home Equity Security Instrument (First Lien)* ("Security Instrument" and together with the Note, "Loan Agreement"), as grantor, granting Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Happy State Bank, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the Official Public Records of Randall County, Texas under Instrument No. 2009004157 on February 23, 2009.  A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

22.     Subsequently Mortgage Electronic Registration Systems, Inc., as nominee for Happy State Bank transferred and assigned the Loan Agreement to SunTrust Mortgage, Inc. The *Corporate Assignment of Deed of Trust* was recorded in the Official Public Records of Randall County, Texas under Instrument No. 2012011436 on June 28, 2012. A true and correct copy of the Assignment is attached hereto as **Exhibit C**.

23.     Plaintiff is the current holder of the Note, endorsed in blank, and beneficiary of the Security Instrument. It is also a *mortgagee* of the Loan Agreement, as defined by Texas Property Code § 51.0001(4).

24.     On or about January 9, 2024, Decedent passed away. No probate was ever opened for him. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, his heirs acquired all of his interest in the Property immediately upon his death—subject to the Loan Agreement debt owed to Plaintiff.

25.     Under the terms of the Loan Agreement, the Borrowers are required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

26.     The Loan Agreement further provides that should Borrowers fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

27.     The Loan Agreement is currently due for the August 1, 2022 payment and all subsequent monthly payments. A notice of default was sent via certified mail to the Borrowers at the Property address, in accordance with the Loan Agreement and the Texas Property Code on April 17, 2023. A true and correct copy of the notice of default is attached hereto as **Exhibit D**.

28.     The default was not cured, and the maturity of the debt was accelerated.  *Notice of Acceleration of Loan Maturity* ("Notice of Acceleration") was sent, through counsel, via certified mail to the Borrowers at the Property's address in accordance with the Loan Agreement and the Texas Property Code on June 9, 2023.  A true and correct copy of the Notice of Acceleration is attached hereto as **Exhibit E**.

29.     In accordance with Texas Rule of Civil Procedure 54, all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property.

30.     Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

## V. CAUSE OF ACTION- DECLARATORY JUDGMENT

31.     The foregoing paragraphs are incorporated by reference for all purposes.

32.     Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4) and is

authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

## VI. CAUSE OF ACTION - ENFORCEMENT OF STATUTORY PROBATE LIEN

33.    The foregoing paragraphs are incorporated by reference for all purposes.

34.    Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan and the following statutory authority:

> a.  TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:
>
> *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*
>
> b.  TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and
>
> c.  TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

35.    Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

## VII. CAUSE OF ACTION- NON-JUDICIAL FORECLOSURE

36.     The foregoing paragraphs are incorporated by reference for all purposes.

37.     Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendants who acquired and/or have a potential interest in the Property subject to Decedent's debts.

38.     A public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities, and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process and would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community.

## VIII. CAUSE OF ACTION- JUDICIAL FORECLOSURE

39.     The foregoing paragraphs are incorporated by reference for all purposes.

40.     In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

41.     Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Randall County, Texas where the Property is located directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rules of Civil Procedure 309.

## IX. CAUSE OF ACTION - ATTORNEY'S FEES

42.    Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the Loan, and Texas Civil Practice and Remedies Code §38.001. Attorneys' fees are not sought as a personal judgment against the Defendant but only as an additional debt secured by the Deed of Trust.

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendants be cited to appear and answer, and the Court enter judgment granting:

a.    A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Deed of Trust and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property;

b.    A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants are divested, and the purchaser at foreclosure sale is vested, of all of Decedent's right, title, and interest to the Property;

c.    Attorney fees and costs of suit; *and*

d.    All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: __/s/ Mark D. Cronenwett___
       **MARK D. CRONENWETT**
       Texas Bar No. 00787303
       mcronenwett@mwzmlaw.com

       **CHEYENNE D. HALEY**
       Texas Bar No. 24131883
       chaley@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 North Dallas Parkway, Ste. 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**